IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JERREMY P. DYER | : | Case No. |
| 116 Newton Street | | |
| Norwalk, Ohio 44857 | : | Judge |
| | | |
| Plaintiff, | : | **CLASS ACTION COMPLAINT** |
| | | Jury Demand Endorsed Herein |
| v. | : | |
| | | |
| VENTRA SANDUSKY, LLC | : | |
| 3020 Tiffin Avenue | | |
| Sandusky, Ohio 44870 | : | |
|     c/o Agent: Karen Lukco | | |
|     3020 Tiffin Avenue | : | |
|     Sandusky, Ohio 44870 | | |
| | : | |
| Defendant. | | |
| | : | |

## INTRODUCTION

1.      Plaintiff brings this action on behalf of himself and others similarly situated concerning Defendant's policy of interfering with its employees' right to take intermittent FMLA leave by counting time taken for FMLA against periods of perfect attendance required under a no-fault attendance policy to reduce other accrued attendance points.

## PARTIES

2.      Plaintiff Jerremy P. Dyer is an individual residing in Norwalk, Huron County, Ohio.

3.      Dyer is a citizen and resident of Ohio.

4.      Defendant Ventra Sandusky, LLC ("Ventra") is a limited liability company organized under the laws of the State of Delaware.  Upon information and belief, Ventra maintains its principal place of business in Ohio.

5.      Ventra is a citizen of Ohio and Delaware.

## JURISDICTION AND VENUE

6.      Plaintiff Jerremy P. Dyer is an individual residing in Norwalk, Huron County, Ohio.

7.      Plaintiff brings this action pursuant to the Family and Medical Leave Act ("FMLA") at 29 U.S.C. § 2601, *et seq.*  This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claim arises under the laws of the United States.

8.      This case arises from an employment relationship centered in Sandusky, Erie County, Ohio, which is located in this judicial district and division.  Venue is proper in this District and Division pursuant 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred here.

## COMMON FACTUAL ALLEGATIONS

9.      Ventra operates a substantial manufacturing facility in Sandusky, Ohio at which it employs hundreds of workers.

10.     Ventra is a "covered employer" within the meaning of the FMLA.

11.     Ventra hired Dyer in approximately December 2011 to serve as a technician and was responsible for assisting to prepare the production line and keeping it running.

12.     Ventra maintains a no-fault attendance policy under which "points" are assigned for most types of absences, regardless of reason.

13.     In June 2016, Ventra terminated Plaintiff because he allegedly accumulated excessive absences under Ventra's no-fault attendance policy.

14.     In approximately December, Dyer applied for intermittent leave under the FMLA as a result of migraine headaches that he has suffered since 2010.  Dyer was an "eligible employee" within the meaning of the FMLA at 29 U.S.C. § 2611(2)

15.      At that time, Ventra reviewed Dyer's application and approved him for intermittent FMLA leave. Dyer was authorized to take FMLA leave as needed when is migraines were sufficiently severe that he was not able to work.

16.     From the time he was approved for leave in December 2012 until he was terminated in June 2016, Dyer periodically took intermittent FMLA leave.

17.     A copy of Ventra's no-fault attendance policy in effect from July 1, 2012 until Plaintiff's termination is attached hereto as **Exhibit 1.**

18.     Exhibit 1 is part of a collective bargaining agreement between Ventra and United Autoworkers Local 1216.

19.     Pursuant to Ventra's no-fault attendance policy, employees are assigned between .5 and 1.5 points for various attendance events.  For example, an employee is assigned 1 point for each absence when an employee timely calls Ventra and advises of his or her absence.

20.     Pursuant to Ventra's no-fault attendance policy, employees are not assigned points for certain listed types of absences specifically "Exclud[ed] from [the] Attendance Point System" ("Excluded Absences").

21.     Pursuant to Ventra's no-fault attendance policy, one type of excluded absence is "[a]pproved leave under the Family and Medical Leave Act."  That is, Ventra employees should not be assessed attendance points for taking FMLA leave.

22.     Pursuant to Ventra's no-fault attendance policy, employees are supposed to receive a series of escalating disciplinary actions when they accumulate a specified number of attendance points.  For example, employees are supposed to receive a verbal warning upon accumulating a total of four attendance points.

23.     Pursuant to Ventra's no-fault attendance policy, employees are terminated upon accumulating eleven or more attendance points.

24.     Once accumulated, attendance points remain on employees record indefinitely unless "reduced."  In order to have attendance points "reduced," an employee must achieve perfect attendance for 30 days.

25.     Specifically, pursuant to Ventra's no-fault attendance policy:

One (1) full point reduction each rolling 30 days period wherein an employee has perfect attendance. Vacations, Bereavement, Jury Duty, Military Duty, Union Leave and Holidays will count toward the 30 days all other excused absences will not be included.

26.      Of particular relevance here, absences due to FMLA leave are not excluded from the 30-day perfect attendance requirement.  In other words, a Ventra employee cannot get an attendance point subtracted from his or her total accumulation if he or she takes FMLA leave during this period.

27.     The consequence for a Ventra employee such as Plaintiff who requires intermittent FMLA leave is serious.  Such an employee would find it difficult to reduce attendance points from his or her record.  In fact, Ventra makes it nearly impossible for its employees to regularly utilize intermittent FMLA and avoid ultimately being terminated for absenteeism.

28.     Moreover, employees similar to Plaintiff are denied the main benefit of a no-fault policy: allowing employees to be absent from work to balance various illnesses, family

4

commitments and life-challenges, while requiring all employees to keep a reasonable attendance record.

29.     In addition, employees requiring intermittent FMLA leave such as Plaintiff are less able to balance the challenges that affect everyone.  For example, Plaintiff received 1/2 attendance point in October 2013 because he was late to work when his car was inoperative and he had to make alternative transportation arrangements.  Under normal circumstances, such a point would be easily "reduced" with a period of perfect attendance.  However, as set forth below, Plaintiff was unable to reduce these inevitable points due to his need to take intermittent FMLA leave.

30.     Ventra tracks all employees' attendance records and "points" in a centralized computer system.  A printout of Plaintiff's record is attached hereto as **Exhibit 2.**

31.     Plaintiff was terminated in June 2016, allegedly because he had accumulated excessive attendance points.

32.     From the face of Exhibit 2, Plaintiff accumulated a total of 12 attendance points (in the "OCCS" column) at the time he was terminated.

33.     However, Ventra resets the 30-day perfect attendance clock whenever an employee takes FMLA leave.

34.     From the face of Exhibit 2, there are at least four extended periods shown on Exhibit 2 during which Plaintiff's only absences include intermittent FMLA leave and/or vacation.  However, Plaintiff's attendance points were not reduced during these periods:

      a.   January 20, 2015 through May 7, 2015 (107 days, 3 points);

      b.   May 16, 2015 through July 23, 2015 (69 days, 2 points);

      c.   October 14, 2015 through December 27, 2015 (74 days, 2 points); and

      d.  December 29, 2015 through March 28, 2016 (90 days, 3 points).

35.    From the face of Exhibit 2, Plaintiff should have accumulated no more than approximately two attendance points if Ventra did not reset the 30-day perfect attendance period when Plaintiff took FMLA leave.

**CLASS ACTION ALLEGATIONS**

36.    Plaintiff repeats and incorporates herein all previously pleaded averments.

37.    Ventra maintains electronic attendance records for each employee substantially similar to Exhibit 2 (the "Attendance Detail Listing").

38.    Plaintiff brings this action pursuant to Fed.R.Civ.P. 23 on behalf of two classes defined as follows:

    **Class 1:**  All employees and former employees of Ventra who, during the applicable statue of limitations period, had no entries on their Attendance Detail Listing for any 30-day period for occurrences other than FMLA leave, vacations, bereavement, jury duty, military duty, union leave and holidays but did not, according to their Attendance Detail Listing, receive a one-point reduction for each such 30-day period.

    **Class 2:**  All former employees of Ventra who were terminated because they, according to their Attendance Detail Listing, accumulated more than 11 total attendance points and had one or more 30-day period that, according to their Attendance Detail List, included only FMLA leave, vacations, bereavement, jury duty, military duty, union leave and holidays, but they did not receive a one-point reduction for each such 30-day period.

39.    The members of each Class are so numerous that joinder is impracticable.  At any given time, Ventra employs approximately 1000 individuals.  Based on normal rates of turnover and FMLA usage, Plaintiff estimates that each Class contains hundreds of individuals.

40.    The members of each Class can be identified by review of Ventra's business records, including each employee's electronic Attendance Daily Listing.  Upon information and belief, such review can be hastened and facilitated by electronic search methods.

6

41.     There are common questions of fact and law affecting all members of the Classes, including:

        a.   Whether Ventra's written no-fault attendance policy complies with the FMLA;

        b.   Whether Ventra is required to exclude approved FMLA leave from its no-fault attendance policy for calculating 30-day periods in which employees maintained "perfect" attendance as set forth below;

        c.   Whether members of Class 1 are entitled to injunctive relief recalculating attendance points; and

        d.   Whether Ventra unlawfully interfered with class members right to take leave under the FMLA.

42.     Plaintiff's claim is typical of all members of the Classes.  Plaintiff was terminated for accumulating "excessive" attendance points, but did not receive point reductions for 30-day periods during which his only attendance occurrences were approved FMLA leave and other excluded items.

43.     Plaintiff will fairly and adequately represent the interests of the Classes.

44.     Both Plaintiff and his counsel meet the adequacy requirements of Fed.R.Civ.P. 23.

45.     Plaintiff's interests are not antagonistic to other members of the Classes and are, in fact, similar with respect to Ventra.  Plaintiff's interests are identical to those of the members of the Classes.

46.     Plaintiff's legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions.  His counsel's ability to skillfully litigate cases such as the present case is well-documented. Plaintiff's counsel has and

will continue to dedicate high levels of skill and dedication to the vigorous prosecution of this class action litigation.

47.     A class action is a superior method of resolution to the other available methods for a fair, efficient and just resolution of this controversy.

48.     The expense and burden of individual litigation are impediments to Class members seeking redress for the wrongful conduct alleged.

49.     Further, prosecutions of separate actions against Ventra would create a risk of inconsistent or varying adjudication and could create inconsistent standards of conduct with respect to Ventra's administration of its no-fault attendance policy.

50.     The current action is maintainable under both the Fed.R.Civ.P. 23(b)(2) and 23(b)(3) standards.

51.     With respect to Class 1, this action is maintainable under Fed.R.Civ.P. 23(b)(2) because equitable relief and declaratory relief generally applicable to the Classes may be appropriate.  In particular, members of Class 1 are entitled to equitable relief pursuant to the FMLA at 29 U.S.C. § 2617(a)(1)(B) regarding the calculation of their attendance point totals.

52.      With respect to Class 2, this action is also maintainable under Fed.R.Civ.P. 23(b)(3) because common questions of fact and law, as outlined above, predominate over any questions affecting only individual members of Class 2, which focus almost exclusively on the amount of damages owed in the form of back wages, salary and other compensation, including liquidated damages and interest.

53.     A class action is a superior method to other mechanisms available.  The amount in controversy with respect to each individual Class member is relatively modest and the prosecution of separate actions is comparatively costly.

## CAUSE OF ACTION
## FMLA Interference

54.     Plaintiff repeats and incorporates all previously pleaded averments.

55.     At all times relevant hereto, Plaintiff and members of both Classes were duly approved by Ventra to take FMLA leave and indeed took such leave.

56.     By utilizing a no-fault attendance policy that penalizes employees who take FMLA by, as set forth above, failing to reduce their accumulation of attendance points during 30-day periods that their only absences were for FMLA leave and other excluded reasons, Ventra unlawfully interfered with their right to take FMLA leave.

57.     Plaintiff and members of Class 1, who were assigned attendance points that were not reduced due to Ventra's unlawful policy, are entitled to appropriate injunctive relief pursuant to 29 U.S.C. § 2617(a)(1)(B) to have their attendance records recalculated in a manner that complies with the FMLA.

58.     Plaintiff and members of Class 2 were unlawfully terminated when they allegedly acquired excessive total attendance points, but were not provided the benefit of reductions for 30-day periods of attendance as described above.  Plaintiff and members of Class 2 are entitled to an award of all legal and equitable remedies available under the FMLA, including reinstatement, an award of back pay, an award of front pay, an award of liquidated damages, costs and interest.

59.     Plaintiff is also entitled to an award of reasonable costs, attorney's fees and expert witnesses fees pursuant to the FMLA at 29 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff, on behalf of himself and others similarly situated, demands judgment against the Defendant in an amount to be determined by a jury and further demands judgment as follows:

9

a.  That the Court, as soon as practicable, certify the Classes defined herein and appoint the undersigned counsel to represent them;

b.  For injunctive and declaratory relief on behalf of Plaintiff and Class 1 directing Ventra to recalculate attendance points in a manner that complies with the FMLA;

c.  For damages on behalf of Class 2 in an amount to be determined by a jury, but including an award of back pay, an award of front pay, an award of liquidated damages, costs and interest;

d.  For an award of reasonable costs, attorney's fees and expert witnesses fees;

e.  For whatever additional legal and equitable relief the Court may find just under the circumstances.

Date: November 18, 2016

Respectfully submitted,

*/s/ Leslie O. Murray*
Leslie O. Murray (0081496)
Leslie@murrayandmurray.com
Direct Dial: (419) 624-3010
Michael J. Stewart (0082257)
mjs@murrayandmurray.com
Direct Dial: (419) 626-7008
**MURRAY & MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio  44870-2517
Telephone:  (419) 624-3010
Facsimile:   (419) 624-0707

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury of this cause.

*/s/ Leslie O. Murray*
Leslie O. Murray (0081496)
**MURRAY & MURRAY CO., L.P.A.**
*Attorney for Plaintiff*