# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jerremy P. Dyer,

    Plaintiff,　　　　　　　　　　　　　Case No. 3:16CV2817

  v.　　　　　　　　　　　　　　　　　　**ORDER**

Ventra Sandusky, L.L.C.,

    Defendants.

In this Family and Medical Leave Act (FMLA) interference suit, Plaintiff Jerremy Dyer seeks damages against Defendant Ventra Sandusky, L.L.C., for terminating him under Defendant's no-fault attendance policy. *See* 29 U.S.C. §§ 2615(a)(1), 2617(a). Pending is Defendant's motion for summary judgement. (Doc. 13).

For the following reasons, I grant the motion.

**Background**

I draw all reasonable inferences of fact in favor of Plaintiff, as the non-moving party. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). That said, "[m]uch is undisputed here," according to Plaintiff. (Doc. 19, ID 501).

Defendant terminated Plaintiff for accumulating twelve points under the company's no-fault attendance policy. With the exception of eleven excluded categories of absence, including FMLA leave, any absence earns an employee between one-half and one-and-a-half points. At eleven points, Defendant's policy calls for termination. Defendant consistently enforced the policy as written.

Plaintiff, as an hourly worker, was a member of his union and familiar with the collective bargaining agreement that governed his employment. Under that agreement, an employee could reduce attendance points by achieving perfect attendance for thirty days. The policy treated time off for vacation, bereavement, jury duty, military duty, union leave, and holidays as days "worked" toward that thirty-day count.

It did not, however, count FMLA leave as time "worked" toward the thirty-day perfect attendance streak. While Defendant did not add points for time an employee missed while on FMLA leave, it classified FMLA leave as an event that reset the perfect attendance clock. For example, if an employee worked three days, took the fourth day off for an FMLA qualifying purpose, and returned to work on the fifth, his attendance streak restarted at one day worked, rather than four.

Defendant does not require its employees to use or exhaust vacation time in conjunction with FMLA leave, though it permits employees to do so. Employees using vacation time with leave maintain perfect attendance and avoid an economic loss, since FMLA leave is unpaid. Plaintiff never used vacation time in conjunction with his FMLA leave, and Defendant paid out the fifty-six hours of unused vacation time due to Plaintiff on termination.

Plaintiff used intermittent FMLA leave due to migraine headaches. Defendant approved all his requests for FMLA leave. Plaintiff missed slightly more than ten percent of his scheduled time off due to his migraines, and Defendant gave him no attendance points for those absences.

Plaintiff claims that if Defendant treated his FMLA leave the same as vacation, bereavement leave, or the other handful of excepted types of absences, he would have had several points fewer on his attendance record, keeping him below the terminal eleven points. However,

because Defendant's policy did not count his FMLA leave time toward the necessary thirty days of perfect attendance, Plaintiff surpassed eleven points, and Defendant terminated him.

In response to his termination, Plaintiff filed the present action. Defendant has moved for summary judgement.

## Standard of Review

Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

I accept the non-movant's evidence as true and construe all evidence in its favor. *Eastman Kodak*, *supra*, 504 U.S. at 456.

## Discussion

Defendant, in its motion for summary judgement, claims its policy does not interfere with an employee's right to FMLA leave. (Doc. 13-1). Instead, the policy merely treats FMLA leave like the equivalent non-FMLA for the purposes of distributing attendance bonuses, which is permissible under the relevant law and regulations. (Doc. 13-1, ID 62-67).

In response, Plaintiff claims Defendant interfered with his rights under FMLA, because each time he used his approved intermittent FMLA leave, he interrupted the thirty-day perfect attendance window. (Doc. 19, ID 511-20). Plaintiff argues he cannot control when he needs that

3

time, and therefore faces inevitable termination as points accumulate and never come off due to his use of intermittent FMLA leave. (*Id.*).

With few, if any, relevant facts in dispute, the case boils down to the characterization of Defendant's attendance policy.

Ultimately, I agree with Defendant. The point removal policy is a benefit employees earn for working, and the Act does not entitle employees to "the accrual of any . . . employment benefits during any period of leave." 29 U.S.C.§ 2614(a)(3)(A). Further, under Defendant's policy, equivalent non-FMLA leave also interrupts the thirty-day window.

Accordingly, I grant Defendant's motion for summary judgement.

### A. The Bonus System Under 29 C.F.R. § 825.215(c)(2)

The FMLA affords employees suffering from "serious health condition[s]" the right to take up to twelve weeks of unpaid leave each year. 29 U.S.C. § 2612(a)(1)(D). Employers may not "interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided" under the Act. 29 U.S.C. § 2615(a)(1). An employer violating this provision is "liable to any eligible employee affected" for damages and equitable relief. 29 U.S.C. § 2617(a)(1).

Our circuit recognizes "two discrete theories of recovery under the FMLA: (1) the so-called 'interference' or 'entitlement' theory arising from § 2615(a)(1), and (2) the 'retaliation' or 'discrimination' theory arising from § 2615(a)(2)." *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 282 (6th Cir. 2012). Retaliatory discharge can serve as the basis for a claim under either theory, but "the requisite proofs differ." *Id.* Plaintiff here pursues only an interference claim.

To demonstrate FMLA interference, Plaintiff must prove: (1) he was an FMLA-eligible employee; (2) Defendant was an FMLA-covered employer; (3) he was entitled to take FMLA leave; (4) he notified his employer of his intent to take leave; and (5) Defendant "denied him

4

benefits or rights to which he was entitled under the FMLA." *Demyanovich v. Cadon Platnig & Coatings, L.L.C.*, 747 F.3d 419, 427 (6th Cir. 2014). Only the fifth element of Plaintiff's *prima facie* case is in dispute.

Employers cannot use the taking of FMLA leave as a negative factor in employment actions, nor can they count FMLA leave under a no-fault attendance policy. 29 C.F.R. § 825.220(c); *see also Festerman v. Cty. of Wayne*, 611 F. App'x 310, 314 (6th Cir. 2015) (describing such conduct as "unlawful interference"). While employees away on FMLA leave are normally entitled to any bonus or payment made during their FMLA leave, an employer may withhold a bonus based on achievement of a specific goal that was not met due to FMLA leave. 29 C.F.R. § 825.215(c)(2). This includes safety or attendance bonuses. *Id.*

The Department of Labor implemented the current bonus regulation in 2009.[1] Under the previous regulation, an employer could not withhold an attendance bonus from an employee solely because of absences covered by the FMLA. "Bonuses for perfect attendance and safety do not require performance by the employee but rather contemplate the absence of occurrence." 29 C.F.R. § 825.215(c)(2) (1995). Accordingly, prior to 2009, "the employee [could] not be disqualified for the bonus(es) for the taking of FMLA leave." *Id.*

By comparison, the revised regulation reads, in part:

> [I]f a bonus or other payment is based on the achievement of a specified goal such as hours worked, products sold or perfect attendance, and the employee has not met the goal due to FMLA leave, then the payment may be denied, unless otherwise paid to employees on an equivalent leave status for a reason that does not qualify as FMLA leave.

29 C.F.R. § 825.215(c)(2).

---

[1] A subsequent amendment of the regulation in 2013 did not affect the relevant section.

5

Under the new regulation, an employer can withhold an attendance bonus from an employee taking FMLA leave, so long as it treats equivalent non-FMLA leave in the same way. "For example, if an employee who used paid vacation leave for a non–FMLA purpose would receive the payment, then the employee who used paid vacation leave for an FMLA–protected purpose also must receive the payment." *Id.*

This case boils down to the nature of Defendant's policy. Defendant argues the point removal policy is distinct and separate from the attendance policy itself. Therefore, removing points is a bonus, and adding points is a disciplinary step. Since the policy does not add points for FMLA leave, and treats FMLA leave like equivalent non-FMLA leave, Defendant argues it complies with the law.

On the other side, Plaintiff contends the point removal process is a portion of the larger attendance policy, rather than a bonus.

He argues there is no difference between penalizing his FMLA absence by adding points to his record, and not removing a point after thirty days of perfect attendance, interrupted only by FMLA leave. Since certain forms of leave, paid and unpaid, do not interrupt the thirty-day perfect attendance timeline, Plaintiff argues the policy interferes with his FMLA rights by disciplining him exclusively for exercising his FMLA rights.

To support its claims, Defendant points to the preamble to the regulation change included in the Federal Register. According to Defendant, the preamble shows that the Department of Labor considered, but rejected Plaintiff's argument when it drafted the regulation.

> Allowing an employer to disqualify employees taking FMLA leave from bonuses or awards for the achievement of a specified goal unless the bonus is awarded to employees on an equivalent leave status for a reason that does not qualify as FMLA leave puts employees who take FMLA leave on equal footing with employees who take leave for non-FMLA reasons. The Department does not view this as interference because employees taking FMLA leave are not being treated

6

> differently than employees taking equivalent non-FMLA leave. Accordingly, employees taking FMLA leave neither lose any benefit accrued prior to taking leave, nor accrue any additional benefit to which they would not otherwise be entitled. . . . Penalizing an employee for taking FMLA leave under a "no fault" attendance policy is distinct from disqualifying an employee from a bonus or award for attendance because the former faults an employee for taking leave itself whereas the latter denies a reward for achieving the job-related performance goal of perfect attendance.

73 Fed. Reg. 67934-01, 67985.[2]

Defendant argues its policy follows precisely the explanation provided in the Federal Register. Since the removal of a point is a "bonus," and the company does not add points for missed work covered by the FMLA, it complies with the regulatory distinction expressed in the Federal Register. *See id.* ("Penalizing an employee for taking FMLA leave under a 'no fault' attendance policy is distinct from disqualifying an employee from a bonus or award for attendance.").

Additionally, Defendant offers several out-of-circuit cases illustrating how other courts have considered the new bonus regulation. But as Plaintiff notes, each of these cases concerns some form of cash bonus; none involve the removal of attendance points. *See e.g.*, *Thurman v. BMO Capital Mkts, Corp.*, 2011 WL 1004652, *1-3 (N.D. Ill. 2011) (addressing employee's complaint that he received a smaller bonus); *see also Keeler v. Aramark*, 483 F. App'x 421, 423 (10th Cir. 2012) (addressing holiday pay bonus).

Defendant's reliance on *Franks v. Indian Rivers Mental Health Center*, 2012 WL 4736444 (N.D. Ala. 2012), is a characteristic example. The court in *Franks* granted summary judgement for an employer, in part, because it held that eliminating an employee's on-call pay during her FMLA

---

[2] "Although not binding authority, the preamble, much like the 'rulings, interpretations and opinions" of an agency,' constitute[s] a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Little David Coal Co. v. Dir., Office of Workers Comp. Programs*, 532 F. App'x 633, 636 (6th Cir. 2012) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944)).

7

leave was permissible. *Id.* at *16. However, the court analogized the on-call payment to a performance bonus, not an attendance bonus. *Id.* ("[T]he court considers that on-call pay is analogous to a production bonus, which, if based on performance, may be denied where the employee has not met the goal due to FMLA leave.").

Employers, under both old and new versions of 29 C.F.R. § 825.215(c)(2), have the right to consider FMLA leave in the context of performance-based bonuses. Plaintiff's claim is not that he was deprived of a performance bonus, but that he was penalized for using FMLA leave in discipline for his attendance, making *Franks* inapposite.

### B. The Benefit System Under 29 C.F.R. § 825.215(d)(2)

Defendant offers one case from a neighboring circuit to show courts have applied 29 C.F.R. § 825.215(c)(2) to non-monetary bonuses. *See Chubb v. City of Omaha*, 424 F.3d 831 (8th Cir. 2005). However, that court found the exact opposite to be true:

> [The employee] points to the regulations that implement this requirement, specifically 29 C.F.R. § 825.215(c)(2), which requires that bonuses "for job-related performance such as for perfect attendance" be available to an employee "upon return from FMLA leave" when that employee "met all the requirements for [the bonus] before FMLA leave began." The title for § 825.215(c), however, is "Equivalent Pay," and what [the employee] seeks is additional annual leave, which the FMLA and accompanying regulations define as a "benefit" rather than "pay."

*Id.* at 831-32.

*Chubb* suggests, contrary to Defendant's assertion, that a bonus does indeed need to be monetary if § 825.215(c)(2) is to apply. The title of the section heading remains "equivalent pay," which informed a substantial portion of the Eighth Circuit's reasoning. *Id.* at 832.

Additionally, another neighboring circuit has found an employer policy for removing no-fault attendance points constituted an employment "benefit" under the FMLA. *See Bailey v. Pregis*

8

*Innovative Packaging, Inc.*, 600 F.3d 748, 751 (7th Cir. 2010) (holding that an employer did not have to count FMLA leave as time worked for the purposes of removing attendance points).

Because the FMLA does not entitle an employee to "the accrual of an . . . employment benefits during any period of leave," an employer is within its rights to withhold the removal of attendance points from an employee absent due to FMLA leave. 29 U.S.C. § 2614(a)(3)(A). "An employee must not be penalized by being deprived, just because he is on family leave, of a benefit that he has earned (i.e., that has accrued to him) by working. But by the same token he cannot, when on family leave, accrue benefits that accrue only by working." *Bailey*, *supra*, 600 F.3d at 752.

Therefore, Defendant's policy is governed not by subsection (c) of the regulation, which concerns "equivalent pay" and "bonus[es]," but by subsection (d), which concerns "equivalent benefits," including sick and annual leave.

Specifically, § 825.215(d)(2) provides:

> An employee may, but is not entitled to, accrue any additional benefits or seniority during unpaid FMLA leave. Benefits accrued at the time leave began, however, (e.g., paid vacation, sick or personal leave to the extent not substituted for FMLA leave) must be available to an employee upon return from leave.

29 C.F.R. § 825.215(d)(2).

Since attendance point removal is an employment benefit, as suggested by *Chubb* and *Bailey*, Defendant's policy is covered by FMLA regulations surrounding benefits, not bonuses. Nonetheless, the policy still complies with the law.

Removing points gives an employee the opportunity to miss additional work time, similar to the leave time granted to the employees who did not use sick leave in *Chubb*. Thus, removing a point "is a 'benefit' in approximately the sense in which granting parole is a benefit to the parolee; it reduces a penalty." *Bailey*, *supra*, 600 F.3d at 750. Since §825.215(d)(2) allows employers to

9

withhold additional benefits not accrued because of FMLA leave, Defendant may withhold the removal of an attendance point available to employees who are not on FMLA leave.

Plaintiff argues this case is not a matter of equivalent bonuses or pay. Instead, he argues the policy is comparable to the improvement plan at issue in *Schmauch v. Honda of Am. Mfg.*, 295 F. Supp.2d 823 (S.D. Ohio 2003).

The employer in *Schmauch* terminated the plaintiff for violating the terms of his attendance improvement plan (AIP), which his employer extended for an additional period because of the plaintiff's time away on FMLA leave. "[D]iscouraging an employee from using" leave constitutes FMLA interference. 29 C.F.R. § 825.220(b). And under the employer's AIP, "an unexcused attendance occurrence [wa]s cause for . . . termination." *Schmauch*, *supra*, 295 F. Supp.2d at 831.

"In this way, being on an AIP keeps an associate's job in peril. By using his FMLA leave as the sole basis for extending his AIP, it is arguable that [the employer] discouraged Schmauch from taking it." *Id.*

However, *Schmauch* is factually distinguishable from the present case. There, the employer imposed an AIP as a form of punishment after a series of unexcused absences. When it then extended the AIP due to the plaintiff's FMLA leave, the employer was disciplining him for exercising his FMLA rights, in potential violation of FMLA regulations. 29 C.F.R. §§ 825.220(b), (c); *see Schmauch*, *supra*, 295 F. Supp.2d at 833 ("Plaintiff has presented a genuine issue of material fact regarding whether . . . extending his AIP is sufficient to constitute a violation of the FMLA.").

In the present case, Defendant does not impose discipline for FMLA leave. The policy puts an employee's job in jeopardy only when he accumulates a certain number of points for absences

*not* protected under the Act. And Defendant can "legitimately punish employees who violate[] its attendance policies." *Norton v. LTCH*, 620 F. App'x 408, 412 (6th Cir. 2015). [3]

Indeed, the court in *Schmauch* denied the plaintiff's motion for summary judgement on the grounds that a jury could find that his termination was caused by his final absence, which was indisputably not covered by the FMLA, and not the extension of the AIP, which appeared to violate the FMLA. *Schmauch, supra*, 295 F. Supp.2d at 833, 835.

Defendant does not add points for absences when an employee uses FMLA leave. FMLA leave only interrupts the process for removing points, and an employer does not violate the Act by withholding a benefit that an employee on FMLA leave has not earned. Just as "[a]n employee does not accrue seniority while being on leave . . . because that is a reward for working," he "does not accrue absenteeism forgiveness on leave, because that too is a reward for working." *Bailey*, *supra*, 600 F.3d at 752 (citation omitted).

Defendant has shown there is no genuine dispute of material fact, and is entitled to judgment as a matter of law on Plaintiff's FMLA interference claim. Fed. R. Civ. P. 56(a).

---

[3] Plaintiff arguably should have styled his FMLA claim as one for retaliation, rather than interference, because he "received all the FMLA leave to which he was entitled." *Seeger*, *supra*, 681 F.3d at 283. However, even under that theory, Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination–his accumulation of too many attendance points. So long as an employer is not counting an employee's FMLA leave time against him, 29 C.F.R. § 825.220(c), it can "legitimately punish employees who violate[] its attendance policies." *Norton*, *supra*, 620 F. App'x at 412.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT Defendant's motion for summary judgment (Doc. 13) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
